CRAIN, J.,
Agrees With Additional Reasons.
IT agree and write separately to express my concern over the uncertainty in- the jurisprudence created by Grand Isle Campsites, Inc. v. Cheek, 262 La. 5, 262 So.2d 350 (1972); Prior to that decision, our supreme court had held that a joint venture agreement involving a transfer of immovable property had to be in writing and could not be proven by parol evidente. See Hayes v. Muller, 245 La. 356, 385, 158 So.2d 191, 201 (1963). Less than ten years after Hayes, the supreme court in Grand Isle Campsites held that a joint venture was created when four parties apparently verbally agreed to purchase certain immovable property. Grand Isle Campsites, 262 La. at 24, 262 So.2d at 357. While there was some documentary evidence in that case, namely two promissory notes signed by the defendant, the supreme court did not expressly find that those documents, nor any other documents, contained a written joint venture agreement. Grand Isle Campsites, 262 La. 5, 25, 262 So.2d 350, 357. (1972). Notably, Hayes was not cited in the opinion.
In the present case, the evidence of a written joint venture agreement between the individual parties is likewise , limited, consisting, only of checks bearing notations that refer, to >a fractional .interest in the apartment complex. No single document contains the signatures of all members of the joint venture. The sufficiency of this evidence to establish an enforceable written agreement is questionable in light of the holding' in Chauvin v. Bohn, 411 So.2d 442, 446 (La.1982), wherein the supreme court found that a check was not sufficient to. .establish |2a written purchase agreement for immovable property. The court reasoned that the limited notations on the check did not instill the requisite “solemnity in the transaction and complete the proof’. Chauvin, 411 So.2d at 446.
Nevertheless, with respect to the proof necessary to establish a joint venture agreement fór immovable property, Grand Isle Campsites is the most recent expression by our supreme court, and I find it controlling in the present case. However, the uncertainties created by Grand Isle Campsites, particularly in an area of the law that bears upon title to immovable property, beg for clarification from the supreme court.